SUMMONS ISSUED

FILED
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

2012 AUG 30  AM 11: 47

------------------------------------------------------------------------X
DONALD THOMPSON, Individually, MARJORIE
THOMPSON, Individually, and JUSTIN THOMPSON,
infant by natural and legal guardians DONALD
THOMPSON and MARJORIE THOMPSON,

U.S. DISTRICT COURT
EASTERN DISTRICT
OF N.Y. COMPLAINT AND
JURY DEMAND

Plaintiffs, AMON, CH.J.

- against -

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, NEW YORK CITY POLICE
OFFICER JOSE VASQUEZ MIRANDA, Individually and in
his official capacity as a New York City Police Officer, NEW
YORK CITY POLICE OFFICER LIEUTENANT JOZSEF
BAN, Individually and in his official capacity as a New York
City Police Officer, NEW YORK CITY POLICE
DEPARTMENT 113TH PRECINCT and "JOHN DOES",
names being fictitious intended to be New York City Police
Officers, individually and in their official capacity as New
York City Police Officers,

CV 12 - 4362
GOLD, M.J.

Defendants.
------------------------------------------------------------------------X

Plaintiffs, DONALD THOMPSON, individually, MARJORIE THOMPSON,

individually, and JUSTIN THOMPSON, infant by natural and legal guardians DONALD

THOMPSON and MARJORIE THOMPSON, by and through their attorneys, DRUMMOND &

SQUILLACE, PLLC state, upon information and belief, as follows:

**INTRODUCTION**

1.      This is an action seeking compensation and damages pursuant to 42 U.S.C. §§

1983, 1986, 1988 as well as for claims including, but not limited to, assault, battery, false

imprisonment, intentional infliction of emotional distress, negligent infliction of emotional

distress, negligent hiring, failure to intercede, neglect to act, negligent retention, negligent

supervision, violation of civil rights, harassment, abuse of authority, deviation and/or gross

deviation from proper procedures, malice, recklessness, carelessness, gross negligence, official

misconduct, *respondeat superior* and punitive damages sustained by Plaintiffs DONALD

THOMPSON, individually, MARJORIE THOMPSON, individually, and JUSTIN

THOMPSON, infant by natural and legal guardians DONALD THOMPSON and MARJORIE THOMPSON, as a direct and proximate result of the unconstitutional, tortuous, negligent, reckless, wanton, intentional and/or malicious acts, conduct and/or omissions of the Defendants herein, in their use of excessive force, assault, battery, false imprisonment, and infliction of emotional distress (both intentional and negligent) against the above named Plaintiffs. This action also seeks to recover punitive damages against the Defendants herein.

2.      On or about July 17, 2011, and continuing to on or about September 30, 2011, Plaintiffs DONALD THOMPSON , individually, MARJORIE THOMPSON, individually, and JUSTIN THOMPSON, infant by natural and legal guardians DONALD THOMPSON and MARJORIE THOMPSON, were lawfully inside their home located at 137-92 Southgate Street County of Queens, State of New York, when POLICE OFFICER JOSE VASQUE MIRANDA, NEW YORK CITY POLICE OFFICER LIEUTENANT JOZSEF BAN and "JOHN DOES", of the NEW YORK CITY POLICE DEPARTMENT 113th PRECINCT, names being fictitious intended to be New York City Police Officers, without a warrant, unlawfully and forcibly entered the Plaintiffs' home, pepper-sprayed the Plaintiffs, damaged the Plaintiffs' property/home and further assaulted and injured Plaintiffs including, but not limited to: fracturing and/or dislocating the arm of Plaintiff DONALD THOMPSON, pepper-spraying Plaintiff MARJORIE THOMPSON and Plaintiff JUSTIN THOMPSON in their faces/eyes. Defendants further falsely imprisoned and falsely arrested Plaintiff DONALD THOMPSON without at a warrant or just/probable cause.  As a direct and proximate result therefrom, Plaintiffs were caused to be assaulted, battered, falsely arrested, falsely imprisoned and further injured and caused to sustain damages by the deliberate, malicious, intentional, negligent, reckless, careless, wanton and/or unlawful conduct/actions of Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE OFFICER JOSE VASQUEZ MIRANDA, individually and in his official capacity as a New York City Police Officer, NEW YORK CITY POLICE OFFICER LIEUTENANT JOZSEF

3

BAN, individually and in his official capacity as a New York City Police Officer, NEW YORK CITY POLICE DEPARTMENT 113TH PRECINCT and "JOHN DOES", names being fictitious intended to be New York City Police Officers, individually in their official capacity as New York City Police Officers, their agents, servants, employees, licensees, contractors, subcontractors, employees and other affiliates agencies and departments in that they intentionally, maliciously, recklessly with deliberate indifference to human life, and each acting in concert with the other and each acting under the color of law, forcibly restrained, assaulted, battered, and/or falsely imprisoned and falsely arrested Plaintiffs while they pushed, shoved, struck, hit, beat, assaulted and/or battered Plaintiffs causing Plaintiffs to suffer severe physical injuries including, but not limited to: a dislocated/fracture shoulder, pepper-sprayed, property damage, emotional distress, pain, anguish, false imprisonment, false arrest and related injuries/damages.

3.     The aforementioned Defendants the City of New York, the New York City Police Department and the New York City Police Department 113th Precinct are further negligent by failing to and/or inadequately hiring, retaining, supervising, controlling, disciplining and/or training their employees/agents, specifically New York City Police Officer Jose Vasquez Miranda, New York City Police Officer Lieutenant Jozsef Ban and "John Does", names being fictitious intended to be New York City Police Officers, each acting in concert with the other and each acting under the color of law. THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE OFFICER JOSE VASQUEZ MIRANDA, individually and in his official capacity as a new York City Police Officer , NEW YORK CITY POLICE OFFICER LIEUTENANT JOZSEF BAN, individually and in his official capacity as a New York City Police Officer, NEW YORK CITY POLICE DEPARTMENT 113TH PRECINCT and "JOHN DOES", names being fictitious intended to be New York City Police Officers, individually and in their official capacity as New York City Police Officers, their agents, servants, employees, licensees, contractors subcontractors, employees and other

4

affiliates agencies and departments are further negligent in failing to prevent, intercede and/or stop the aforementioned New York City Police Officers from causing Plaintiffs to be pushed, shoved, hit, beaten, assaulted, battered, forcibly restrained, falsely imprisoned and/or falsely arrested and further failed to prevent, intercede, and/or stop said Officers from causing Plaintiffs to suffer and sustain damages and injuries including, but not limited to: dislocating/ fracturing Plaintiff DONALD THOMPSON'S arm pepper-spraying all Plaintiffs, causing injuries/damages to their faces and/or eyes and property damage to Plaintiffs' home.

### JURISDICTION AND VENUE

4.    This Court has jurisdiction over the within action pursuant to 28 U.S.C. §1343, federal question jurisdiction. This action is brought pursuant to 42 U.S.C. Sections 1983, 1986 and 1988, the Eighth and Fourteenth Amendments to the United States Constitution, and, the Constitution and the laws of the State of New York. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(1-4) and 2202. Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate pendent state law claims pursuant to 28 U.S.C. Section 1367.

5.    Venue is proper in the Eastern District of New York, pursuant to 28 U.S.C. §1391.

### THE PARTIES

6.    That on or about July 17, 2011 and continuing to on or about September 30, 2011, and at all times herein mentioned, Plaintiff DONALD THOMPSON, individually, MARJORIE THOMPSON, individually, and JUSTIN THOMPSON, infant by natural and legal guardians DONALD THOMPSON and MARJORIE THOMPSON, were and are residents of the State of New York.

7.    That on or about July 17, 2011 and continuing to on or about September 30, 2011, and at all times herein mentioned, the Defendant the City of New York, was and is a municipal corporation existing by and under the laws of the State of New York.

8.    That on or about July 17, 2011and continuing to on or about September 30, 2011, and at all times herein mentioned, the Defendant the City of New York, was and is a governmental subdivision of the State of New York.

9.    That on or about July 17, 2011 and continuing to on or about September 30, 2011, and at all times herein mentioned, Defendant the City of New York is the public employer of Defendants New York City Police Department, New York City Police Department 113th Precinct, New York City Police Officer JOSE VASQUEZ MIRANDA and New York City Police Officer LIEUTENANT JOZSEF BAN and "John Does", names being fictitious intended to be New York City Police Officers.

10.    That on or about July 17, 2011 and continuing to on or about September 30, 2011, and at all times herein mentioned, Defendant, the New York City Police Department is an agency of Defendant the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.

11.    That on or about July 17, 2011 and continuing to on or about September 30, 2011, and at all times herein mentioned, Defendant, the New York City Police Department 113th Precinct is an agency of Defendant the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.

12.    That on or about July 17, 2011 and continuing to on or about September 30, 2011, and at all times herein mentioned, Defendant New York City Police Officer JOSE VASQUEZ MIRANDA and New York City Police Officer Lieutenant JOZSEF BAN and "John Does", are agents, licensees, servants and /or employees of Defendants the City of New York, the New York City Police Department, and the New York City Police Department 113th Precinct.

13.    That on or about July 17, 2011 and continuing to on or about September 30, 2011, and at all times herein mentioned, Defendants "John Does" are agents, licensees, servants

6

and/or employees of the Defendants the City of New York, the New York City Police Department, and the New York City Police Department 113th Precinct.

14.    In addition to the facts alleged in the foregoing paragraphs and following paragraphs, the individually named Defendants herein in the following subparagraphs are all sued in their individual and official capacities; all acted under color of law and within the scope of their employment, to wit: under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York:

    a.    Defendant, New York City Police Officer JOSE VASQUEZ MIRANDA, was, at all relevant times, a police officer of the New York City Police Department;

    b.    Defendant, New York City Police Officer LIEUTENANT JOZSEF BAN was, at all relevant times, a police officer of the New York City Police Department;

    c.    Defendants, "John Does", same being fictitious and intended to be New York City Police Officers, were, at all relevant times, New York City Police Officers.

15.    That on or about July 17, 2011 and continuing to on or about September 30, 2011, and at all times herein mentioned, Defendant, the City of New York, owned, operated, managed, controlled, maintained, employed and/or supervised the Defendants the New York City Police Department.

16.    That on or about July 17, 2011 and continuing to on or about September 30, 2011, and at all times herein mentioned, Defendant, the City of New York, owned, operated, managed, controlled, maintained, employed and/or supervised the individual Defendants here in, to wit: New York City Police Officers JOSE VASQUEZ MIRANDA, LIEUTENANT JOZSEF BAN and "John Does."

## NOTICE OF CLAIM

17.    Plaintiffs, in furtherance of their causes of action, timely filed a Notice of Claim against the City of New York in compliance with General Municipal Law Section 50.

7

18. More than 30 days have elapsed since service of said Notice of Claim and the City of New York has failed to pay or adjust the Plaintiffs claim.

19. This action has been commenced within one year and ninety days after the happening of the events upon which these claims arise.

## FACTUAL AND GENERAL ALLEGATIONS

20. On or about July 17, 2011, at 137-92 Southgate Street, in the County of Queens, State of New York, while Plaintiff DONALD THOMPSON was lawfully at the aforementioned location/premises and, continuing to on or about September 30, 2011, Defendant New York City Police Department Officer s JOSE VASQUEZ MIRANDA, LIEUTENANT JOZSEF BAN and Defendant "John Does", all acting in concert with the other, all acting within the scope of their employment with Defendants the City Of New York, New York City Police Department, and the New York City Police Department 113th Precinct, and, all acting under the color of law, assaulted, battered, hit, beat and/or used excessive force, deprived and denied Plaintiff DONALD THOMPSON of his rights and privileges guaranteed to him by the Constitution of the United States, the constitution of the State of New York and federal and state law when they, without justification, used excessive and unreasonable force against Plaintiff in that they intentionally, maliciously, recklessly, wantonly and with deliberate indifference to human life, forcibly restrained, detained and imprisoned Plaintiff DONALD THOMPSON against his will while they pushed, shoved, struck, pepper-sprayed, hit, beat, assaulted, battered and/or otherwise used excessive force against Plaintiff.

21. That on or about July 17, 2011 and continuing to on or about September 30, 2011, and at all times herein mentioned, Defendants New York City Police Officers JOSE VASQUEZ MIRANDA, LIEUTENANT JOZSEF BAN and "John Does", all acting in concert with the other, all acting within the scope of their employment with Defendants and all acting under the color of law, assaulted, battered, hit, beat and/or used excessive force against Plaintiff DONALD THOMPSON causing injuries/damages including but not limited to: a

8

fractured/dislocated arm, mental anguish, shock, emotional distress (both intentional and negligent). Defendant New York City Police Officers JOSE VASQUEZ MIRANDA, LIEUTENANT JOZSEF BAN further falsely arrested, detained and/or imprisoned Plaintiff DONALD THOMPSON and assaulted, battered and/or used excessive force against Plaintiffs MARJORIE THOMPSON AND JUSTIN THOMPSON causing injuries including but not limited to: pepper-spraying faces/eyes and property damage.

22. That on or about July 17, 2011 and continuing to on or about September 30, 2011, and at all times herein mentioned, Defendants New York City Police Officer JOSE VASQUEZ MIRANDA, New York City Police Officer LIEUTENANT JOZSEF BAN and "John Does", all acting in concert with the other, all acting within the scope of their employment with Defendants City Of New York, New York City Police Department, and the New York City Police Department 113th Precinct and all acting under the color of law, caused Plaintiffs, as a further direct and proximate result of the Defendants' intentional, malicious, reckless, careless, wanton, negligent, grossly negligent and/or unlawful actions, conduct and/or omissions, to incur, and to continue to incur damages for loss of earnings, medical expenses and other related expenses and/or losses for which Plaintiffs claim damages herein.

23. That the Defendants the City of New York, The New York City Police Department and the New York City Police Department 113th Precinct were negligent by failing to and/or inadequately hiring, retaining, supervising, controlling, disciplining and/or training their employees/agents, specifically New York City Police Department Officers JOSE VASQUEZ MIRANDA, LIEUTENANT JOZSEF BAN and "John Does" and by further failing to prevent, intercede and/or stop the aforementioned individual Defendant officers from unlawfully using unreasonable and excessive force against Plaintiffs by forcibly restraining, detaining and falsely imprisoning Plaintiff against his will while they harassed, pushed, shoved, struck, hit, beat, assaulted, pepper-sprayed and/or battered all Plaintiffs causing Plaintiffs to sustain and suffer serious physical injuries including, but not limited to: fracturing/dislocating

9

Plaintiff DONALD THOMPSON'S arm, pepper-spray, damage to Plaintiffs' faces and eyes, mental anguish, shock and/or emotional distress (both intentional and negligent).

24.     The actions of all individual Defendants were performed under color of law, in concert with one another and within the scope of their employment and authority and, for those acts, the Defendants the City of New York, the New York City Police Department and the New York City Police Department 113th precinct are liable under the doctrine of *respondeat superior*.

25.     The actions, conduct and/or omissions by all of the individual Defendants were intentional, deliberate, malicious, negligent, reckless, careless and/or wanton.

26.     The actions, conduct and/or omissions by all of the Defendants violated Plaintiffs' clearly established rights under the Eighth and Fourteenth Amendments of the Constitution of the United States of America, are in violation of the Constitution and the laws of the State of New York and are the direct and proximate cause of the physical injuries, psychological/emotional injuries and other related damages/losses sustained and suffered by the Plaintiffs herein.

27.     The actions of all of the Defendants were intentional, malicious, reckless, wanton and egregious, giving rise to punitive damages as against all Defendants with the exception of the municipality.

## DAMAGES

28.     As a direct and proximate result of the foregoing acts, conduct and/or omissions of the Defendants, the Plaintiffs suffered the following injuries and damages:

a.      Violation of their rights under the Eighth and Fourteenth Amendments of the Constitution of the United States, Article One, Section Twelve of the New York State Constitution and laws of the State of New York;

b.      Physical injuries, pain and suffering, extreme fear, emotional and psychological injuries, trauma, mental anguish, loss of enjoyment of life, emotional distress (both intentional and negligent), loss of earnings, medical expenses;

10

c.      Damages pursuant to 42 U.S.C. §§1983, 1986 and 1988; and

d.      Punitive damages.

29.      The physical, emotional and/or psychological consequences suffered and sustained by Plaintiffs as a direct result of the Defendants' actions, conduct and/or omissions continue to date and, upon information and belief, will continue into the future.

## CAUSES OF ACTION

## COUNT I

### 42 U.S.C. Section 1983—UNREASONABLE AND EXCESSIVE FORCE

30.      Paragraphs 1-29 are incorporated by reference as though fully set forth herein.

31.      By their actions, conduct and/or omissions, all of the Defendants named herein, acting under color of law, deprived Plaintiffs of their constitutional rights to be free from excessive and unreasonable force by intentionally, maliciously and with deliberate indifference to human life, battering and/or assaulting Plaintiffs, without justification, causing injuries/damages including, but not limited to, fracturing/dislocating Plaintiff DONALD THOMPSON'S arm, pepper-spray damages to Plaintiffs' eyes, faces, property damage, false arrest/ imprisonment of Plaintiff DONALD THOMPSON, mental anguish, shock, emotional distress (both intentional and negligent).

32.      By their actions, conduct and/or omissions, all of the Defendants named herein, acting under color of law, deprived Plaintiff of his constitutional rights to be free from excessive and unreasonable force by further causing Plaintiffs to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiff claims damages herein.

33.      Plaintiffs claim damages herein for the injuries set for above.

## COUNT II

### 42 U.S.C. Section 1983—EIGHTH AND FOURTEETH AMENDMENT VIOLATIONS

11

34.    Paragraphs 1-33 are incorporated by reference as though fully set forth herein.

35.    Defendants, acting under color of law, deprived the Plaintiffs of their Eight Amendment right to be free from cruel and unusual punishment and their Fourteenth Amendment rights to due process and equal protection under the law.

36.    Each and every of the Defendants' racial animus was expressed by their actions, conduct and/or omissions, individually and collectively, in intentionally and maliciously beating and/or assaulting Plaintiffs without justification including, but not limited to: pepper-spraying, pepper-spraying Plaintiffs' faces/eyes, fracturing/dislocating Plaintiff    DONALD THOMPSON'S arm,   property damage, false arrest/detaining/imprisonment of Plaintiff DONALD THOMPSON, mental anguish, shock, emotional distress (both intentional and negligent), causing Plaintiffs to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiffs claim damages herein.

37.    Plaintiffs claim damages for the injuries set forth above.

### COUNT III

### 41 U.S.C. Section 1983—CONSPIRACY

38.    Paragraphs 1-37 are incorporated by reference as though fully set forth herein.

39.    The individual Defendants, acting under color of law, conspired with each other to undertake a course of conduct to injure, oppress, threaten, harass, intimidate, beat, batter and/or assault the Plaintiffs, denying them the free exercise and enjoyment of the rights and privileges and equal protection of the law secured to them by the Constitution, including the rights to be free from cruel and unusual punishment and to be free from unreasonable and excessive force.

40.    The individual Defendants, acting under color of law, conspired with each other to undertake a course of conduct to intentionally and maliciously beat, batter and/or assault Plaintiffs, without justification causing injuries/damages including, but not limited to: pepper-

12

spraying Plaintiffs' faces and eyes fracturing/dislocating Plaintiff DONALD THOMPSON'S arm, property damage, false arrest/detaining/imprisonment of Plaintiff DONALD THOMPSON, mental anguish, shock, emotional distress (both intentional and negligent), requiring Plaintiffs to undergo medical care/treatment therefore and further causing Plaintiffs to incur, and to continue to incur damages for loss of earnings, medical expenses and other related expenses and/or losses for which Plaintiffs claim damages herein in violation of Plaintiffs' constitutional rights including the right to due process, to be free from cruel and unusual punishment and to be free from excessive and unreasonable force.

41.     Plaintiffs claim damages for the injuries set forth above.

## COUNT IV

## 42 U.S.C. Section 1983—SUPERVISORY LIABILITY

42.     Paragraphs 1-41 are incorporated by reference as though fully set forth herein.

43.     The Defendants had a duty to supervise, manage, control, oversee and/or police the conduct/actions of each and every other Defendant and had a responsibility to oversee the actions/conduct of each other.

44.     The Defendants the City of New York, the New York City Police Department and the New York City Police Department 113th Precinct were, at all relevant times herein, responsible for the hiring, training, instructing, supervising, managing, controlling, overseeing and/or disciplining of each and every New York City Police Department Officer and, in particular, Defendants New York City Police Officer's JOSE VASQUEZ MIRANDA, LIEUTENANT JOZSEF BAN and "John Does" herein named.

45.     The Defendants, the City of New York, the New York City Police Department and the New York City Police Department 113th Precinct were, at all relevant times herein, responsible for the hiring, training, instructing, supervising, managing, controlling, overseeing and/or disciplining of Defendants New York City Police Officer's JOSE VASQUEZ MIRANDA, LIEUTENANT JOZSEF BAN and "John Does" who intentionally and maliciously

13

battered, beat and/or assaulted Plaintiffs causing injuries/damages including, but not limited to: pepper-spraying Plaintiffs' faces and eyes, fracturing/dislocating Plaintiff DONALD THOMPSON'S arm, property damage, false arrest/detaining/imprisonment of Plaintiff DONALD THOMPSON, mental anguish, shock, emotional distress (both intentional and negligent), therefore and further causing Plaintiffs to incur, and to continue to incur, damages for loss of earnings, medical expenses, property damage and other related expenses and/or losses for which Plaintiffs claim damages herein, and, otherwise violated the constitutional rights of the Plaintiffs.

46.    The Defendants knew, and/or in the exercise of due diligence and/or their duty, would have known that the conduct/actions/omissions of Defendants New York City Police Officers JOSE VASQUEZ MIRANDA, LIEUTENANT JOZSEF BAN and "John Does" would likely occur.

47.    The Defendants failed to take preventive and/or remedial measures to guard against the unlawful, intentional and malicious use of excessive force, assault and battery against Plaintiff and to prevent the violation of the constitutional rights of the Plaintiff. Had the Defendants taken appropriate action and/or exercised their duty in a reasonable and not in a negligent manner, the violation of Plaintiff's constitutional rights would not have occurred.

48.    The failure of the Defendants the City of New York, the New York City Police Department and the New York City Police Department 113th Precinct, in failing to screen, supervise, train, manage, control, oversee and/or discipline Defendants New York City Police Officers JOSE VASQUEZ MIRANDA, LIEUTENANT JOZSEF BAN and "John Does", directly and proximately caused injury to the Plaintiffs.

49.    By their conduct/actions/omissions under color of law and in their supervisory position, the Defendants the City of New York, the New York City Police Department and the New York City Police Department 113th Precinct deprived Plaintiffs of their constitutional rights including the right to be free from excessive and unreasonable force, the right to be free

from cruel and unusual punishment, the right to equal protection under the law and the right to due process.

50.    By their conduct/actions/omissions under color of law and in their supervisory position, the Defendants New York City Police Officers JOSE VASQUEZ MIRANDA, LIEUTENANT JOZSEF BAN and "John Does" deprived Plaintiffs of their constitutional rights including, but not limited to, the right to be free from excessive and unreasonable force, his right to be free from cruel and unusual punishment, the right to equal protection under the law and the right to due process which directly and proximately caused injury to the Plaintiffs.

51.    Plaintiffs claim damages for the injuries set forth above. Herein.

### COUNT V

### 42 U.S.C. Section 1983-MONEL CLAIM

52.    Paragraphs 1-51 are incorporated by reference as though fully set forth herein.

53.    Prior to July 17, 2011 and continuing to on or about September 30, 2011, Defendants the City of New York, the New York City Police Department and the New York City Police Department 113th Precinct, through their official policy-makers, developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of its citizens; the very policies and customs which caused the violation of Plaintiffs' constitutional rights herein.

54.    It was the policy and/or custom of Defendants the City of New York, the New York City Police Department and the New York City Police Department 113th Precinct to inadequately and improperly investigate the civilian complaints of police officers' misconduct including allegations of excessive force. Instead, acts of racism and harassment were tolerated by Defendants the City of New York, the New York City Police Department and the New York City Police Department 113th Precinct. The foregoing Defendants have substantially failed to investigate and intentionally, and with deliberate indifference, failed to discipline police officers that violated the constitutional rights of citizens.

15

55.     It was the policy and/or custom of Defendants the City of New York, the New York City Police Department and the New York City Police Department 113th Precinct to inadequately and improperly screen and hire police officers who are known, or with reasonable diligence should be known, to possess violent and racist propensity and/or the propensity to assault and/or use excessive force against citizens. The foregoing Defendants have substantially failed to screen and reject such officers.

56.     It was the policy and/or customs of the Defendants City of New York, the New York City Police Department and the New York City Police Department 113th Precinct to inadequately and improperly train and supervise police officers who are known, or with reasonable diligence should be known, to be actively engaged in misconduct by, among other actions/omissions, failing to investigate and punish improper/unlawful conduct of police officers; thereby failing to discourage constitutional violations on the part of its officers, as those visited upon Plaintiffs as set forth herein.

57.     Defendants  the City of New York, the New York City Police Department and the New York City Police Department 113th Precinct have been on notice for years that racism, harassment, assault, battery, use of excessive force and/or violations of citizens' constitutional rights are widespread and that particular reforms need to be implemented.

58.     It was the policy and/or custom of Defendants the City of New York, the New York City Police Department and the New York City Police Department 113th Precinct to inadequately screen, hire, train, supervise, manage, control, oversee and/or discipline their officers including those named herein as Defendants; thereby failing to discourage constitutional violations on the part of their officers, as those visited upon Plaintiffs as set forth herein.

59.     The City of New York, the New York City Police Department and the New York City Police Department 113th Precinct as a matter of policy and practice, have, with deliberate indifference, failed to adequately screen for hiring and retention and failed to discipline, train or otherwise supervise officers concerning the rights of citizens; thereby causing the Defendant

officers in this case to engage in the unlawful actions, conduct and/or omissions against Plaintiffs as described herein.

60.    The foregoing acts, omissions, systemic deficiencies and deliberate indifference to the danger of harm to citizens like the Plaintiffs herein and the need for supplemental or different training,  discipline or policies, practices and/or customs of Defendants the City of New York, the New York City Police Department and the New York City Police Department 113th Precinct caused their officers, including Defendants New York City Police Officers JOSE VASQUEZ MIRANDA, LIEUTENANT JOZSEF BAN and "John Does", to believe that they can violate the rights of citizens with impunity; foreseeably allowing officers to violate the constitutional rights of citizens such as Plaintiffs herein.

61.    As a direct and proximate result of the Defendants' deliberate indifference, Defendants violated Plaintiffs' aforementioned constitutional rights and caused the Plaintiffs to suffer substantial harm and injury including, but not limited to: pepper-spraying Plaintiffs' faces/eyes,  breaking/fracturing Plaintiff DONALD THOMPSON'S arm, property damage, mental anguish, shock, emotional distress (both intentional and negligent), and further causing Plaintiffs to incur, and to continue to incur, damages for loss of earnings, medical expenses, property damage and other related expenses and/or losses for which Plaintiffs claim damages herein, and, otherwise violated the constitutional rights of the Plaintiffs.

62.    Plaintiffs claim damages for the injuries set forth above.

## COUNT VI

### 42 U.S.C. Section 1986 ACTION FOR NEGLECT/FAILURE TO PREVENT

63.    Paragraphs 1-62 are incorporated by reference as though fully set forth herein.

64.    On information and belief, Defendants New York City Police Officers JOSE VASQUEZ MIRANDA, LIEUTENANT JOZSEF BAN and the "John Does", had knowledge and/or information that they did not have/possess the justification, authority and/or permission to unlawfully and forcibly restrain, detain, arrest and/or  falsely imprison Plaintiff DONALD

17

THOMPSON while they harassed, pushed, shoved, struck, hit, beat, pepper-sprayed assaulted, and/or battered Plaintiff's causing them injuries/damages including, but not limited to: fracturing/dislocating Plaintiff DONALD THOMPSON'S arm, pepper-sprayed eyes/faces, property damage, mental anguish, shock, emotional distress (both intentional and negligent) and further causing Plaintiffs to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiffs claim damages herein, and, otherwise violated the constitutional rights of the Plaintiffs in violation of Plaintiffs' constitutional rights.

65.     On information and belief, Defendants New York City Police Officers JOSE VASQUEZ MIRANDA, LIEUTENANT JOZSEF BAN and the "John Does" named herein, each individually and collectively, had the power and authority to prevent the others individually and/or collectively from engaging in the aforementioned actions conduct and/or omissions against the Plaintiffs and each Defendant, individually and acting in concert with the other, willfully, intentionally and/or negligently neglected and refused to prevent the other from engaging in the aforementioned acts/conduct/omissions.

66.     The Defendants' willful and deliberate failure to act when they each had a duty to do so was the actual and proximate cause of the injuries and damages Plaintiffs suffered and continue to suffer.

67.     Plaintiffs claim damages for the injuries set forth above.

### COUNT VII

68.     Paragraphs 1-67 are incorporated by reference as though fully set forth herein.

69.     By their conduct under color of state law, it is believed that Defendants New York City Police Officers JOSE VASQUEZ MIRANDA, LIEUTENANT JOZSEF BAN and the "John Does" named herein each individually and collectively, had opportunities to intercede on behalf of Plaintiffs to prevent the unreasonable and excessive force used against Plaintiffs and to

18

prevent the other violations of the constitutional rights of the Plaintiffs but, due to Defendants' intentional conduct and/or deliberate indifference, Defendants declined or refused to do so.

70.    As a direct and proximate result of Defendants' conduct, acts and/or omissions, Plaintiffs suffered the injuries and damages set forth and described above.

71.    Plaintiffs claim damages for the injuries set forth above.

## PENDENT STATE CLAIMS

## COUNT VIII

72.    Paragraphs 1-71 are incorporated by reference as though fully set forth herein.

73.    The individual Defendants, under color of law, conspired with each other to undertake a course of conduct to falsely arrest, falsely imprison assault and/or batter Plaintiffs, with the intent of denying Plaintiffs the equal protection of the laws of the State of New York and the United States of America.

74.    By their actions/omissions, as set forth above, Defendants committed the unlawful use of excessive and unreasonable force, cruel and unusual punishment, assault, battery, false arrest, false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, outrageous conduct, negligence, gross negligence, negligent hiring, negligent retention and negligent supervision under the laws of the State of New York.

75.    At all times herein mentioned, the foregoing unlawful conduct, acts and/or omissions by Defendants against Plaintiffs was without justification or cause, without permission and/or authority and was committed forcibly, unlawfully and against the Plaintiffs' will.

76.    All of the foregoing occurred without fault and/or provocation on the part of the Plaintiffs herein.

77.    At all relevant times herein, Defendants New York City Police Officers JOSE VASQUEZ MIRANDA, LIEUTENANT JOZSEF BAN and the "John Does" officers named herein were employees of Defendants the City of New York, the New York City Police

19

Department and the New York City Police Department 113th Precinct and, as such, the City of New York is liable under the doctrine of *respondeat superior* for their tortuous actions, conduct and/or omissions.

78.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

79.    Plaintiffs claim damages for the injuries set forth above.

## COUNT IX

80.    Paragraphs 1-79 are incorporated by reference as though fully set forth herein.

81.    The Defendants engaged in extreme and outrageous conduct intentionally causing Plaintiffs severe emotional distress.

82.    The Defendants placed Plaintiffs in fear of their physical safety and, as such, negligently and recklessly caused Plaintiffs to suffer emotional distress.

83.    Defendants, their officers, agents, servants, and/or employees were responsible for the intentional and/or negligent infliction of emotional distress suffered by the Plaintiffs.

84.    Defendants New York City Police Officer's JOSE VASQUEZ MIRANDA, LIEUTENANT JOZSEF BAN and the "John Does" officers named herein were at all times herein mentioned agents, servants, and/or employees acting within the scope of their employment and under the color of law with Defendants the City of New York, the New York City Police Department and the New York City Police Department 113th Precinct in intentionally and/or negligently causing Plaintiffs to suffer emotional distress.

85.    Defendants the City of New York, the New York City Police Department, and the New York City Police Department 113th Precinct were and are responsible for the hiring, retention, supervision, management and/or control of the foregoing individual Defendants herein and, as such, are liable pursuant to *respondeat superior* for the acts, conduct and/or omissions of the foregoing individual Defendants named herein.

86.     Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

87.     Plaintiffs claim damages for the injuries set forth above.

### COUNT X

88.     Paragraphs 1-87 are incorporated by reference as though fully set forth herein.

89.     As a result of the foregoing unlawful acts, conduct and/or omissions of the Defendants herein, the Defendants, individually and collectively, and by and through their agents, servants, licensees and/or employees, and in particular by Defendants New York City Police Officers JOSE VASQUEZ MIRANDA, LIEUTENANT JOZSEF BAN and "John Does" officers named herein, placed Plaintiffs in apprehension and fear of imminent harmful and/or offensive contact and/or physical injury by including, but not limited to: pepper-spraying Plaintiffs' faces/eyes, fracturing/dislocating Plaintiff DONALD THOMPSON'S arm causing Plaintiffs to suffer/sustain property damage, causing mental anguish, shock, emotional distress (both intentional and negligent) and further causing Plaintiffs to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiffs claim damages herein.

90.     As a result of the foregoing, Defendants committed assault against Plaintiff herein.

91.     Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

92.     Plaintiffs claim damages for the injuries set forth above.

### COUNT XI

93.     Paragraphs 1-92 are incorporated by reference as though fully set forth herein.

94.     As a result of the foregoing unlawful acts, conduct and/or omissions of the Defendants herein, the Defendants, individually and collectively, and by and through their agents, servants, licensees and or employees, and in particular Defendants New York City Police

21

Officers JOSE VASQUEZ MIRANDA, LIEUTENANT JOZSEF BAN and "John Does", unlawfully battered Plaintiffs by hitting, striking, pushing, shoving, pepper-spraying and/or beating Plaintiffs, while Defendants forcibly restrained, detained, falsely arrested and/or falsely imprisoned Plaintiff DONALD THOMPSON against their will causing injuries/damages including, but not limited to: fracturing/dislocating Plaintiff DONALD THOMPSON'S arm, pepper-spraying Plaintiffs eyes/faces, property damage, mental anguish, shock, emotional distress (both intentional and negligent); and further causing Plaintiffs to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiffs claim damages herein.

95.    As a result of the foregoing, Defendants committed battery against Plaintiffs herein and caused Plaintiffs to suffer and sustain serious physical injury.

96.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

97.    Plaintiffs claim damages for the injuries set forth above.

## COUNT XII

98.    Paragraphs 1-97 are incorporated by reference as though fully set forth herein.

99.    As a result of the foregoing unlawful acts, conduct and/or omissions of the Defendants herein, the Defendants, individually and collectively, and by and through their agents, servants, licensees and/or employees, and in particular by Defendant New York City Police Officer's JOSE VASQUEZ MIRANDA, LIEUTENANT JOZSEF BAN and "John Does", unlawfully battered Plaintiffs by hitting, striking, assaulting, battering, pepper-spraying and/or beating Plaintiff, while Defendants forcibly restrained, detained and/or falsely imprisoned Plaintiff DONALD THOMPSON against his will including, but not limited to: fracturing/dislocating Plaintiff DONALD THOMPSON'S arm, pepper-spraying Plaintiffs'' eyes/faces, causing property damage, loss and/or restriction in range of motion to arm, mental anguish, shock, emotional distress (both intentional and negligent) and further causing Plaintiffs

22

to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiffs claim damages herein.

103. That Defendants, in forcibly restraining, detaining, arresting and/or imprisoning Plaintiff DONALD THOMPSON against his will while they assaulted, battered and/or used force against Plaintiffs, committed false imprisonment and caused Plaintiffs to suffer and sustain serious injury.

104. Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

105. Plaintiffs claim damages for the injuries set forth above.

### COUNT XIII

106. Paragraphs 1-102 are incorporated by reference as though fully set forth herein.

107. On or about July 17, 2011 and continuing to on or about September 30, 2011, and at all times herein mentioned, Defendants owed Plaintiffs a duty to be free from unlawful assault, battery, false imprisonment, use of excessive force, infliction of emotional distress and physical injury.

108. That as a result of the foregoing unlawful acts, conduct and/or omissions of the Defendants herein, Defendants breached the duty they owed to Plaintiffs.

109. That Defendants' breach was a direct and proximate cause of Plaintiff's injuries including, but not limited to: pepper-spraying Plaintiffs' faces/eyes, breaking/fracturing Plaintiff DONALD THOMPSON'S arm, , loss and/or restriction in range of motion to arm, mental anguish, shock, emotional distress (both intentional and negligent); further causing Plaintiffs to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiffs claim damages herein.

110. Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

111. Plaintiffs claim damages for the injuries set forth above.

## COUNT XIV

112. Paragraphs 1-111 are incorporated by reference as though fully set forth herein.

113. The Defendants had a duty to supervise, manage, control, oversee and/or police the conduct/actions of each and every other Defendant and had a responsibility to supervise, manage, control and/or oversee the actions/conduct of each other.

114. The Defendants the City of New York, the New York City Police Department and the New York City Police Department 113th precinct were and are, at all relevant times herein, responsible for the hiring, training, retention, instructing, supervising, managing, controlling, overseeing and/or disciplining of each and everyone of their officers and, in particular, Defendants New York City Police Officers JOSE VASQUEZ MIRANDA, LIEUTENANT JOZSEF BAN and the "John Does" herein named.

115. The Defendants the City of New York, the New York City Police Department and the New York City Police Department 113th Precinct were and are, at all relevant times herein, responsible for the hiring, training, retention, instructing, supervising, managing, controlling, overseeing and/or disciplining of their officers and, in particular, Defendants JOSE VASQUEZ MIRANDA, LIEUTENANT JOZSEF BAN and John Does" who intentionally and maliciously falsely imprisoned, detained, restrained, beat, battered, assaulted and/or used excessive force against Plaintiffs causing injuries/damages including, but not limited to: fracturing/dislocating Plaintiff DONALD THOMPSON'S arm, pepper-spraying Plaintiffs' faces/eyes and causing property damage.

116. The Defendants knew, and/or in the exercise of due diligence and/or their duty, would have known that the conduct/actions/omissions of Defendants New York City Police Officer's JOSE VASQUEZ MIRANDA, LIEUTENANT JOZSEF BAN and "John Does" would likely occur.

117. The Defendants failed to take preventive and/or remedial measures to guard against the unlawful, intentional and/or malicious use of excessive force, false imprisonment,

24

assault and/or battery against Plaintiffs and to prevent the violation of the constitutional rights of the Plaintiffs. Had the Defendants taken appropriate action and/or exercised their duty in a reasonable manner, and not in a negligent and/or intentionally malicious/unlawful; manner, the violation of Plaintiffs' constitutional rights would not have occurred.

118.    The failure of the Defendants the City of New York, the New York City Police Department and the New York City Police Department 113th Precinct, in failing to and/or improperly screening, supervising, training, managing, controlling, overseeing and/or disciplining Defendants New York City Police Officers JOSE VASQUEZ MIRANDA, LIEUTENANT JOZSEF BAN and "John Does", caused injury to the Plaintiffs.

119.    By their conduct/actions/omissions under color of law and in their supervisory position, the Defendants the City of New York, the New York City Police Department, and the New York City Police Department 113th Precinct deprived Plaintiffs of their constitutional rights including the right to be free from excessive and unreasonable force, the right to be free from cruel and unusual punishment, the right to equal protection under the law and the right to due process.

120.    The Defendants the City of New York, the New York City Police Department and the New York City Police Department 113th Precinct were, at all relevant times herein, negligent in the hiring, retention, training supervision, management and/or control of the individual Defendants named herein.

121.    That the Defendants' negligence was a direct and proximate cause of Plaintiff's injuries and damages herein.

122.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

123.    Plaintiffs claim damages for the injuries set forth above.

## COUNT XV

124.    Paragraphs 1-123 are incorporated by reference as though more fully set forth herein.

125.    As a result of the foregoing unlawful actions, conduct and/or omissions of the Defendants herein the Defendants, each individually and collectively, all acting in concert with the other and acting under the color of law, by and through their agents, servants, licensees and/or employees, failed to intervene and/or prevent the aforementioned unlawful conduct inflicted against Plaintiffs.

126.    As a result of the foregoing, the Defendants, each individually and collectively, all acting in concert with the other and acting under the color of law, by and through their agents, servants, licensees and/or employees, displayed a deliberate indifference to human life and, in particular, to Plaintiffs' right to be free from excessive and unreasonable force, cruel and unusual punishment, assault, battery, false imprisonment, false arrest and/or excessive force.

127.    That the Defendants' unlawful actions, conduct and/or omissions against Plaintiffs is in violation of Plaintiffs' rights pursuant to Article One, Section Twelve of the New York State Constitution.

128.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

129.    Plaintiffs claim damages for the injuries set forth above.

## COUNT XVI

130.    Paragraphs 1-129 are incorporated by reference as though more fully set forth herein.

131.    The foregoing unlawful acts/conduct/omissions by Defendants against Plaintiffs, each individually and collectively, all acting in concert with the other and acting under the color of law, by and through their agents, servants, licensees and/or employees, against Plaintiffs were

26

reckless, malicious, intentional, wanton and/or were committed with deliberate and/or reckless indifference to human life and to Plaintiffs' rights, life and well being.

132.    As a result of the foregoing, Plaintiffs sustained injuries and damages.

133.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

134.    Plaintiffs claim damages for the injuries set forth above.

135.    As a result of the foregoing, Plaintiffs claim punitive damages herein.

## PRAYER FOR RELIEF

136.    **WHEREFORE,** Plaintiffs, DONALD THOMPSON, individually, MARJORIE THOMPSON, individually, and JUSTIN THOMPSON, infant by natural and legal guardians DONALD THOMPSON and MARJORIE THOMPSON,  request the following relief jointly and severally as against all of the Defendants:

1. Award compensatory damages in an amount to be determined at trial;

2. Award punitive damages in an amount to be determined at trial;

3. Disbursements, costs and attorney's fees; and

4. For such other further relief to this Court may seem just and proper.

## PLAINTIFF DEMANDS TRAL BY JURY

Dated: Jamaica, New York
       August 23, 2012

Respectfully submitted,

STEPHEN L. DRUMMOND, ESQ.
DRUMMOND &SQUILLACE, PLLC
Attorneys for the Plaintiff
DONALD THOMPSON
175-61 Hillside Avenue, Suite 205
Jamaica, New York 11432
(718) 298-5050

27

To:

The City of New York
One Centre Street, Room 1225
New York, New York 10007

New York City Police Department
New York City Police Department Headquarters
One Police Plaza
New York, New York 10038

New York City Police Department
C/O The Comptroller of the City of New York
One Centre Street, Room 1225
New York, New York 10007

New York City Police Department
C/O Corporation Counsel
100 Church Street
New York, New York 10007

New York City Police Department
C/O 113TH Precinct
167-02 Baisley Blvd. 101st Street
Jamaica, NY 11434

New York City Police Officer Jose Vasquez Miranda and Lieutenant Jozsef Ban
C/O Corporation Counsel
100 Church Street
New York, New York 10007

New York City Police Officer Jose Vasquez Miranda and Lieutenant Jozsef Ban
C/O The Comptroller of the City of New York
One Centre Street, Room 1225
New York, New York 10007

New York City Police Officer Jose Vasquez Miranda and Lieutenant Jozsef Ban
New York City Police Department Headquarters
One Police Plaza
New York, New York 10038

New York City Police Officer Jose Vasquez Miranda and Lieutenant Jozsef Ban
113TH Precinct
167-02 Baisley Blvd. 101st Street
Jamaica, NY 11434

New York City Police Department 113TH Precinct
167-02 Baisley Blvd. 101st Street
Jamaica, NY 11434

New York Police Department 113TH Precinct
New York City Police Department Headquarters

28

One Police Plaza
New York, New York 10038

New York City Police Department 113TH Precinct
C/O The Comptroller of the City of New York
One Centre Street, Room 1225
New York, New York 10007

New York City Police Department 113TH Precinct
C/O Corporation Counsel
100 Church Street
New York, New York 10007

## ATTORNEY'S VERIFICATION

STEPHEN L. DRUMMOND, an attorney duly admitted to practice before the Courts of the State of New York and the United States District Court, Eastern District of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at DRUMMOND & SQUILLACE, PLLC, attorneys of record for Plaintiff DONALD THOMPSON, Individually, MARJORIE THOMPSON, Individually, and JUSTIN THOMPSON, infant by natural and legal guardians DONALD THOMPSON and MARJORIE THOMPSON. I have read the annexed **SUMMONS IN CIVIL ACTION, COMPLAINT** and **JURY DEMAND** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the County wherein I maintain my offices.

DATED:     Jamaica, New York
           August 23, 2012

                              _____
                              STEPHEN L. DRUMMOND, ESQ.

30